UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 4:20CR0305   RWS |
| JERRELL WEST, | ) ) ) |
| Defendant. | ) |

## NOTICE OF INTENT TO USE VICTIM'S CAC INTERVIEW PURSUANT TO FEDERAL RULES OF EVIDENCE RULE 807

COMES NOW the United States of America, by and through its attorneys, Sayler Fleming, United States Attorney for the Eastern District of Missouri, and Dianna Collins and Colleen Lang, Assistant United States Attorneys for said District, and files this notice in accordance with Federal Rules of Evidence Rule 807(b) to provide reasonable notice in advance of trial of its intent to offer at trial, minor victim's (hereafter "M.V.") video recorded CAC interviews that occurred on April 19, 2020 and April 23, 2020. This case is set for trial on August 10, 2021.

## RULE 807

The defendant is charged in Count I of the with Travel with Intent to Engage in Illicit Sexual Conduct in violation of Title 18, United States Code, Section 2423(b). The victim identified in Count I is M.V.

Rule 807 provides:

(a) **In General**.  Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:

(1) the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and

(2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

(b) **Notice**. The statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement--including its substance and the declarant's name--so that the party has a fair opportunity to meet it. The notice must be provided in writing before the trial or hearing--or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice.

The Government, in compliance with Rule 807(b), has provided the substance of M.V.'s statement by providing the recorded CAC interviews of M.V. to defense counsel. Further, the Government recently provided the transcripts of the interviews from the recordings to defense counsel. Additionally, the declarant's name has been provided to defense counsel (referred hereto as M.V.).

## The Confrontation Clause is not Implicated

Pursuant to the VI Amendment of the United States Constitution, the defendant has the right "to be confronted with the witnesses against him. . . ." The "Confrontation Clause bars 'admission of testimonial statements of a witness who did not appear at trail unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." *United States v. Charboneau*, 613 F.3d 860, 861 (8th Cir. 2010), citing

2

*Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Children's statement during a forensic interview may be testimonial. *Charboneau*, 613 F.3d at 861. However, when a child victim testifies at trial, the right of confrontation is met regarding the use of the prior statement. *Id.*; *United States Spotted War Bonnet*, 933 F.2d 1471, 1473-74 (8th Cir. 1991). All that is required is the right to cross examine the witness. "[A] perfectly satisfactory cross-examination is not required by the Clause, and a witness who cannot remember the details of statements she has made in the past can still be sufficiently available for cross-examination to satisfy the constitutional requirements." *Id*. at 1474. "[T]he Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987) cited in *United States v. Owens*, 484 U.S. 554, 559 (1988).

      Here, the Government intends to play M.V.'s CAC interview to the jury. The Government also intends to call M.V. to testify. M.V. will be subject to cross-examination, which will satisfy the Confrontation Clause requirements.

      Respectfully submitted,

      SAYLER FLEMING
      United States Attorney

      */s/ Colleen Lang*
      Colleen Lang, #56872
      Assistant U.S. Attorney
      111 S. 10th Street, Ste. 20.333
      St. Louis, MO 63102
      Telephone:   (314) 539-2200

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2021, the foregoing was filed electronically with the Clerk and served by operations of the Clerk's filing system upon attorney for the defendant.

                                        */s/ Colleen Lang*
                                        Colleen Lang, #56872
                                        Assistant U.S. Attorney