UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20 CR 305 RWS/NCC |
| | ) |
| JERRELL WEST | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT JERRELL WEST'S MOTION IN LIMINE TO EXCLUDE EXPERT WITNESS ANTHONY HARPER

Comes now Jerrell West, through his attorney, Brocca Morrison, Assistant Federal Public Defender, and moves to exclude testimony from Anthony Harper, endorsed expert, in the government's case-in-chief. In support of this motion, Defendant states the following:

*Background*

On July 29, 2021 the Government endorsed expert witnesses, including Anthony Harper, a forensic interviewer for the St. Louis Child Advocacy Center. In this case, the complaining witness provided two interviews to the St. Louis Child Advocacy Center after Defendant's arrest. Mr. Harper did not conduct either interview of the complaining witness in this case, but is being proffered to offer his expert opinion generally regarding how trauma affects children. The Government proffers that he will testify that children go into survival mode during a traumatic event and often do not remember details

because of the stress they are suffering. He is further proffered to testify that there is no set way for children to appear emotionally when discussing a traumatic event.

*Argument*

Rule 702 says a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if four factors are met: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

In *Daubert*, the Supreme Court imposed a "gatekeeping" obligation on judges to exclude expert testimony that fails to meet Rule 702's requirements of reliability and relevance (also called "fit" or "helpfulness"). *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). The Supreme Court later held, in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999), the district court's obligation to act as gatekeeper and assure the reliability of expert testimony applies to "all expert testimony" not just scientific testimony.

Here, the testimony, even if offered generally, would be offered to preempt an argument by the defense that the complaining witness lacks credibility based on her testimony or demeanor. This testimony presupposes arguments by the defense that have not been made and may not be made, depending on the witness's testimony at

trial. In any event, the opinions would lack reliability in this case given that Mr. Harper did not interview the complaining witness at the time of the allegations, was not part the investigation and cannot speak to her credibility.

To meet the "helpfulness" requirement under Rule 702, expert testimony must genuinely assist the jury, rather than opining on matters within the lay jurors' understanding. *Daubert*, 509 U.S. at 591. Expert testimony invades the jury's province when "'the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.'" Fed.R.Evid.702, advisory comm. notes (2000 amends.). The underlying premise for admitting Harper's testimony – that the average layperson would not know that a minor who is assaulted may delay disclosure, forget details, or seem unemotional – is invalid.

The average juror understands these concepts without need for expert testimony that minor victims might delay reporting because "[t]hey are afraid or embarrassed; they are convinced by the abuser not to tell anyone; they attempt to tell someone who does not want to listen; or they do not even know enough to tell. . ." *Commonwealth v. Dunkle*, 602 A.2d 830, 836 (Pa.1992), *superseded by statute*, 42 Pa.C.S. § 5920. Those are common sense observations the Government can argue in closing. Furthermore, the complaining witness did not delay reporting the incident in this case and has not recanted that Defendant is aware of so the testimony would not be helpful to explain her actions.

Finally, the Court must conduct a balancing test under Rule 403. Harper's testimony should be excluded under Rule 403 because its limited probative value was substantially outweighed by the danger of unfair prejudice. The effect of the testimony would be to bolster the witness's credibility and elicit sympathy for her. The impact of Harper's testimony would be devastating because it could preemptively excuse any discrepancies in the witness's testimony.

For these reasons, Defendant respectfully requests Athony Harper's testimony be excluded.

                                        Respectfully submitted,

                                        /s Brocca Morrison
                                        Brocca Morrison
                                        Assistant Federal Public Defender
                                        1010 Market Street, Suite 200
                                        St. Louis, Missouri 63101
                                        Telephone: (314) 241-1255
                                        Fax: (314) 421-3177
                                        E-mail: Brocca_morrison@fd.org
                                        ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Dianna Collins and Colleen Lang, Assistant United States Attorneys.

/s/Brocca Morrison

BROCCA MORRISON

Assistant Federal Public Defender